IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**ERICK PARKER**                                                      **PLAINTIFF**

**VS**                                       **CIVIL ACTION NO.:** 3:18-cv-646-DPJ-FKB

**TYSON FOODS, INC.; CENTRAL
INDUSTRIES, INC. D/B/A RIVER
VALLEY ANIMAL FOODS
AND JOHN and JANE DOE I-X**                           **DEFENDANTS**

## COMPLAINT

*JURY TRIAL DEMANDED*

COMES NOW, Erick Parker, Plaintiff, and files the following claims against Tyson Foods, Inc., Central Industries, Inc. d/b/a River Valley Animal Foods and John and Jane Does I-X, for discrimination based on his race and retaliation in violation of Title VII of the Civil Rights Act.

## JURISDICTION AND VENUE

1. Jurisdiction for suits charging discrimination on the basis of race is vested in the Court by way of 29 U.S.C. § 151, *et seq.*, and under 28 U.S.C. § 1331 because of the existence of a federal question.

2. Venue is properly fixed in this division and district as the violations of the Title VII of the Civil Rights Act occurred in Forest, Mississippi.

## PARTIES

3. The Plaintiff Erick Parker (Mr. Parker or Plaintiff) is a resident of Lena, Mississippi residing at 145 Ruben Road, Lena, Mississippi 39094.

4. Defendant Tyson Foods, Inc. is a Corporation licensed to do business in the state

of Mississippi. Tyson Foods, Inc. can be served by delivering a copy of the Complaint and Summons to its registered agent, C.T. Corporation System, 645 Lakeland East Drive, Suite 101, Flowood, Mississippi 39232.

5. Defendant Central Industries, Inc. d/b/a River Valley Animal Foods, is a corporation licensed to do business in the state of Mississippi. Central Industries, Inc. d/b/a River Valley Animal Foods can be served by delivering a copy of the Complaint and summons to its registered agent, C.T. Corporation System, 645 Lakeland East Drive, Suite 101, Flowood, Mississippi 39232.

6. The Defendants John and Jane Does I-X are presently unknown individuals and/or business entities that may have liability for claims and damages as alleged herein. If and when any such unknown defendants are discovered, they will be substituted herein.

## FACTS

7. Plaintiff has been an employee of River Valley Animal Foods for approximately 12 years. Plaintiff's current title is "Lead Maintenance."

8. In or about, November 2017, Plaintiff's supervisor, Jonathan Kyzar, was terminated. Mr. Kyzar's position became available. Plaintiff and another black co-worker, Toronto, express interest in applying for the position.

9. During the absence of Mr. Kyzar and up until the end of November 2017, Plaintiff was responsible for doing the duties of the supervisor position. During this transition period where Plaintiff was doing the supervisor duties, Plaintiff never received supervisor pay.

10. Darrel Anderson is the manager over the Maintenance. Plaintiff went to Mr. Anderson and expressed an interest in applying for the supervisor position. Mr. Anderson

informed Plaintiff that it would be posted on the board by the time clock. The job was never posted on the board by the time clock. Later, Plaintiff heard from a co-worker that the information Plaintiff received from Mr. Anderson was not true.

11. Mr. Parker then went and spoke with Wanda Stevenson (HR Manager). Ms. Stevenson gave Plaintiff a card with a website on it (www.tysonfoodcareers.com). Ms. Stevenson informed Plaintiff to go on that website and apply for the position. Plaintiff proceeded to go on the website, but could never find the job listing.

12. Plaintiff asked another supervisor, Marquis Harper about the posting of the job on the website. Mr. Harper tried to locate the posting as well, but was unable to find it.

13. After several attempts, Plaintiff's spouse went to the WIN Job Center in Carthage, MS and talked to Greg Griffin regarding the position. Mr. Griffin contacted Humans Resource at River Valley Animal Foods and spoke with an employee named Kinesha. Kinesha informed Mr. Griffin and Plaintiff's spouse, that Plaintiff had to come into the office and get someone to go on the website to apply for the position.

14. Plaintiff and the other co-worker also interested in the position, Toronto, went to the HR department and an employee (C.J.) logged the men onto the computer and assisted them through the application process.

15. Plaintiff and Toronto were given an interview opportunity, however, they were not given any advance notice for the interview.

16. During Plaintiff's interview, he was asked what salary he would expect. Plaintiff replied $60,000.00. Darrel Anderson informed Plaintiff that he was not pleased with the response to that request.

17.     Plaintiff did not get the position.  Plaintiff was passed over for a white man (Raymond Merrell), with less experience with the company.  Plaintiff also found out that this new white supervisor's pay was more than his and more than what he had asked for during his interview.

18.     Plaintiff's spouse then contacted the Tyson help line and completed a complaint that was sent to corporate.

19.     On the first night Plaintiff worked with new supervisor, Raymond, Plaintiff was informed that Raymond didn't really want the job because he didn't want to work nights. Raymond went on to say that Darrel had encouraged him to submit the application and that if he submitted it, Darrel said he would make sure he got the job because he didn't want Erick or Toronto (both black males) to get it.

20.     In or around late December 2017, Plaintiff received several calls from HR Director Gary Denton gathering information regarding the complaints.  Mr. Denton then came to the plant on January 17, 2018, and interviewed Plaintiff, Toronto and other co-workers.

21.     Mr. Denton then met with Plaintiff alone and informed Plaintiff that he did not find discrimination to have taken place.  Mr. Denton said that the HR manager at the plant had worked there for 14 years and that while there were communication errors and the situation been handled unprofessionally, he did not see any form of discrimination at all.

22.     Plaintiff asked Mr. Denton why Raymond was able to access the website on his own and why did Plaintiff and Toronto had to go into the office to have someone log them in to apply for the position.  Mr. Denton's reply was "Raymond already knew the website."  Plaintiff also asked why he did not receive supervisor pay while he was filling in for the vacant supervisor

position. Mr. Denton informed Plaintiff that the company did not do that. However, when Mr. Parker was out or on vacation, the employees who filled in for him were paid the same amount that he was paid.

23. Mr. Parker then asked to be transferred to the Carthage processing plant to work in maintenance. Mr. Denton asked why Plaintiff wanted to transfer. Plaintiff told Mr. Denton that he was tired of being looked over for promotions and wanted a chance to better himself. Mr. Denton told Plaintiff that he would see what he could do on the transfer.

24. Toward the end of the conversation with Mr. Denton, Mr. Denton informed Mr. Parker that their discussion was to be kept confidential and not discussed with anyone at all. Mr. Denton also made Plaintiff sign a Harassment/Discrimination and Anti-Retaliation Policies Training Acknowledgment Form.

25. In early January 2018, Mr. Denton had Wanda Stevenson post on the bulletin board how employees could apply for management positions internally and externally. The website was also changed.

26. It has been 9 years since a black person was promoted to management at the company and that was Mr. Parker's supervisor Marquis Harper. Mr. Harper told Plaintiff that Darrel promoted Mr. Harper because he wanted HIM to get rid of some "bad hands."

## ADMINISTRATIVE PROCEDURE

27. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission in which he stated the facts upon which this lawsuit is based. On or about June 19, 2018, Plaintiff received a Notice of Right to Sue from the U.S. Equal Employment Opportunity Commission which informed him that the EEOC had determined that less than 180 days have

passed since the filing of the charge, but it was determined that it would be unlikely that the EEOC would be able to complete its administrative processing within 180 days from the filing of the charge. Also, the EEOC noted that it was terminating its processing of the charge, and Ms. Parker had ninety days in which to file suit. This Complaint is being filed within the ninety (90) day period. The Charge of Discrimination and the Notice of Right to Sue are attached hereto as exhibits and incorporated into this Complaint. (*See,* Exhibit "A", Charge of Discrimination and Exhibit "B", Notice of Right to Sue).

## RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff seeks all relief permitted under Title VII of the Civil Rights Act, including but not limited to all back pay due and any front pay to be awarded, emotional distress damages, all applicable fringe benefits, costs, including reasonable attorney's fees, punitive damages, pre-judgment and post-judgment interest and liquidated damages.

Respectfully submitted, this the 17th day of September, 2018.

Respectfully Submitted,

ERICK PARKER - PLAINTIFF

By: _____
John F. Hawkins

OF COUNSEL:

John F. Hawkins, Esquire (MSB #9556)
HAWKINS | GIBSON, PLLC
628 North State Street (39202)
Post Office Box 24627
Jackson, Mississippi 39225-4627
Telephone: (601) 969-9692
Facsimile: (601) 914-3580
john@hgattorneys.com