IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

ERICK PARKER                                                                PLAINTIFF

VERSUS                                     CIVIL ACTION NO.: 3:18cv00646-DPJ-FKB

TYSON FOODS, INC.; CENTRAL
INDUSTRIES, INC. D/B/A RIVER
VALLEY ANIMAL FOODS
AND JOHN and JANE DOES I-X                                              DEFENDANTS

---

**DEFENDANTS' MEMORANDUM IN SUPPORT
OF THEIR MOTIONS IN LIMINE**

---

Defendants Tyson Foods, Inc. and Central Industries, Inc. (collectively, "Central Industries")[1] move the Court for an order on their motion *in limine* restricting Plaintiff Erick Parker ("Plaintiff" or "Parker"), counsel for Plaintiff, or any witness, from mentioning or bringing before the jury, either directly or indirectly, any of the matters set forth below, *unless and until* such matters have been first called to the Court's attention, out of the presence and/or hearing of the jury, and a ruling is received as to the relevance and admissibility of such matters.

Further, Central Industries moves this Court to instruct counsel for Plaintiff to inform and advise all witnesses called by him, or parties in the courtroom at the request of Plaintiff, not to volunteer, inject, disclose, state, or mention to the jury any of the below enumerated matters, unless specifically questioned thereon after prior ruling by the Court.

The matters described below are inadmissible in evidence for any purpose and have no bearing on the issues or the rights of the parties in this case, which is limited to a single claim of race discrimination due to a failure to promote. Permitting such testimony or other evidence on the

---

[1] Central Industries is a wholly owned subsidiary of Tyson Farms, Inc. Tyson Farms, Inc. is a wholly owned subsidiary of Tyson Foods, Inc. Tyson Foods, Inc. is incorrectly identified in this lawsuit, as Mr. Parker worked for Central Industries.

topics covered by Central Industries' motions *in limine* would prejudice Central Industries and/or unduly confuse the jury, and sustaining objections to such questions, statements, or evidence will not prevent prejudice but will reinforce the development of questionable evidence. While several of these motions are normally objections the undersigned would reserve for trial, because the mere mention of underlying evidence or the act of asking of questions about the underlying evidence would cause unfair and improper bias and prejudice against Central Industries, even if objections were timely made and sustained.

I. **Central Industries Motions *in Limine***

Plaintiff should be prohibited from introducing evidence, and his counsel should be prohibited from arguing or implying in questions to witnesses, matters related to the following:

    **A.** **Plaintiff should not be permitted to present hearsay evidence regarding alleged race discrimination and/or race relations**.

Based on discovery and the summary judgment briefing in this case, Central Industries anticipates that Plaintiff will attempt to offer into evidence hearsay statements regarding alleged race discrimination and/or race relations. For example, in Plaintiff's sworn Interrogatory answers, he states that other employees told him that he was not going to get the job because of his race, that he had been discriminated against, and he never stood a chance for the promotion. **Exhibit 1**, **Answer No. 6.**

Rule 802 of the Federal Rules of Evidence prohibits hearsay testimony. Hearsay is defined as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." FED. R. EVID. 801(c). Rule 801(d)(2)(D) provides that a statement is not hearsay if the statement is offered against a party and is a statement by the party's agent or servant concerning a matter within the scope of the agency (the "party opponent" exception).

2

Any evidence regarding the statements purportedly made to Plaintiff regarding race discrimination and/or race relations will satisfy any exception to the rule against hearsay. While Central Industries cannot identify every such statement, there is sufficient reason to believe that Plaintiff will attempt to offer statements of this nature. Central Industries submits that Plaintiff should not be permitted to do so. At a minimum, testimonial evidence based on these statements should be brought to the Court's attention before offered.

**B.  Plaintiff should not be permitted to present evidence in the form of lay witness opinion testimony.**

Based on discovery and the summary judgment briefing in this case, Central Industries anticipates that Plaintiff will attempt to offer into evidence lay witness opinion testimony regarding the ultimate issue and/or the alleged occurrence of discrimination in the workplace. Specifically, witnesses should be prohibited from offering opinion testimony about whether conduct is "discrimination," "harassment," a "hostile work environment," and/or "retaliation" under Title VII and/or Section 1981 because these are ultimate issues in this case and such testimony will confuse the jury and usurp its function.

A lay witness may only give his or her opinion only if it is based on his or her perception and is helpful either in understanding his testimony or in determining factual issues. *See* FED. R. EVID. 701. Opinion testimony is not helpful to the jury if it is couched as a legal conclusion, however. For these reasons, the Court should bar Plaintiff from asking witnesses to offer opinion testimony regarding whether any alleged conduct constituted any form of race discrimination under applicable law.

**C.  Plaintiff should not be permitted to present "me too" evidence.**

Central Industries anticipates that Plaintiff will introduce evidence or argument regarding alleged race discrimination against other employees, namely Toronto Parker. Any evidence or

3

argument relating to allegations of race discrimination of others should be excluded under Rule 403 of the Federal Rules of Evidence because such allegations are irrelevant, and their admission would unfairly prejudice Central Industries.

"Me too" evidence is "neither *per se* admissible nor *per se* inadmissible under Rules 401 and 403 of the Federal Rules of Evidence. *Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 381 (2008). "Relevance and prejudice under Rules 401 and 403 are determined from the context of the facts and arguments in the particular case . . . ." *Id*. at 387 (noting the inquiry is fact-intensive and context-specific).

In response to Central Industries' motion for summary judgment, Plaintiff offered an affidavit of Toronto Parker. [ECF No. 41-13]. Toronto Parker's Affidavit is replete with statements that are speculative, conclusory, or without proper foundation because of an absence of demonstrated personal knowledge.[2] Toronto Parker should not be able to offer such statements in the form of testimony at trial, as such testimony would not assist the jury in making any determination relevant to this case. Further, Central Industries would be unfairly prejudiced if the jury is confused or misled by the admission of such evidence, and jurors may improperly draw inferences about Plaintiff's claims based upon Toronto Parker's allegations.

Further, Toronto Parker should not be able to offer any opinion testimony that he or Plaintiff were discriminated against because of his race for the reasons set forth in Section I, B, *supra*.

---

[2] Central Industries moved to strike this affidavit, but the Court denied Central Industries' motion as moot. [ECF Nos. 43-44, 46-47, 48, 49].

4

FP 37878019.1

### D. Plaintiff should not be able to present evidence regarding alleged discriminatory acts that are not part of his Charge or this lawsuit.

Based on Plaintiff's deposition and the summary judgment briefing in this case, Central Industries anticipates that Plaintiff will attempt to introduce evidence or argument regarding other discriminatory actions allegedly committed by Central Industries, such as disparate treatment in training, other failures to promote, and/or retaliation. None of these alleged actions were adequately raised in Plaintiff's EEOC Charge or this lawsuit. Indeed, they either occurred outside of the 180-day period before Plaintiff filed his EEOC Charge or constitute discrete acts that were not raised in Plaintiff's EEOC Charge or a subsequent EEOC Charge.

The only discriminatory action at issue is Central Industries decision not to promote Plaintiff to the Maintenance Supervisor position in December 2017. Any references to or testimony about other alleged discriminatory actions should be barred because they are irrelevant, unfairly prejudicial and only calculated to confuse the jury. FED. R. EVID. 401, 403.

### E. Plaintiff should not be permitted to make any reference to the working environment at Central Industries' Facilities as it concerns the novel coronavirus.

Central Industries, namely Tyson, has received significant media coverage over the past several weeks as a result of challenges caused by the novel coronavirus. Plaintiff should be barred from referencing the working conditions as they relate to the virus. Not only would this evidence be immaterial to Plaintiff's claim for discriminatory failure to promote, but it would unfairly cast Central Industries in a negative light that could bias the jury. Although Central Industries is unable to identify these statements with specificity, a blanket exclusion is nevertheless appropriate because such evidence would be more prejudicial than probative. FED. R. EVID. 401, 403. Further, such an exclusion would not chill Plaintiff's ability to put on material evidence.

5

**II.     Conclusion**

For the foregoing reasons, Central Industries requests that the Court grant Central Industries' motions *in limine* and order that Plaintiff, counsel for Plaintiff, and any and all witnesses called in this matter be instructed to refrain from any mention or interrogation, direct or indirect, or in any manner whatsoever, including the offering of documentary evidence, regarding any of the matters set forth in this Memorandum.

THIS the 15th day of May, 2020.

Respectfully submitted,

s/Jaklyn Wrigley
Steven R. Cupp, Esq. (MSB# 99975)
Jaklyn Wrigley, Esq. (MSB# 103773)
FISHER & PHILLIPS LLP
2505 14th Street, Suite 300
Gulfport, Mississippi 39501
(228) 822-1440 - Telephone
(228) 822-1441 - Facsimile
scupp@fisherphillips.com
jwrigley@fisherphillips.com

# CERTIFICATE OF SERVICE

I, JAKLYN WRIGLEY, do hereby certify that I filed the foregoing with the Clerk of Court utilizing the ECF-System, which sent a copy to:

John F. Hawkins, Esq.
HAWKINS GIBSON, PLLC
308 East Pearl Street (39202)
Post Office Box 24627
Jackson, Mississippi 39225-4627
Tel: (601) 969-9692
Fax: (601) 914-3580

SO CERTIFIED this the 15th day of May, 2020.

    s/Jaklyn Wrigley
    Jaklyn Wrigley, Esq. (MSB# 10377)

7
FP 37878019.1