UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

ERICK PARKER                                                    PLAINTIFF

V.                                              CIVIL ACTION NO. 3:18-CV-646-DPJ-FKB

TYSON FOODS, INC., ET AL.                                       DEFENDANTS

ORDER

This is an employment-discrimination case.  Plaintiff Erick Parker claims that Defendants

Tyson Foods and Central Industries, Inc. (collectively "Central Industries"), failed to promote

him due to his race.  The Court conducted a pretrial conference, but the trial setting was bumped

due to the Coronavirus pandemic.  During that conference, the parties discussed Central

Industries' motion in limine that seeks to exclude five categories of evidence.  The Court hopes

to set this case for trial in 2021 and therefore addresses the pending motion.  For the following

reasons, the motion is granted in part and denied in part.

I.      Standard

As summarized by the Fifth Circuit Court of Appeals:

A motion in limine is a motion made prior to trial for the purpose of prohibiting
opposing counsel from mentioning the existence of, alluding to, or offering
evidence on matters so highly prejudicial to the moving party that a timely motion
to strike or an instruction by the court to the jury to disregard the offending matter
cannot overcome its prejudicial influence on the jurors' minds.

*O'Rear v. Fruehauf Corp.*, 554 F.2d 1304, 1306 n.1 (5th Cir. 1977) (citation and quotation marks

omitted).  "Significant here, an order granting a motion in limine does not preclude the party

sponsoring the evidence from revisiting the issue at trial.  But that party must raise the issue

outside the jury's presence."  *United States v. Beasley*, No. 3:20-CR-36-DPJ-LRA, 2020 WL

6438255, at *1 (S.D. Miss. Nov. 2, 2020).

II.     Analysis

        In its motion, Central Industries asks the Court to preclude five categories of evidence.

As to three of those groups, it cannot specifically identify the improper testimony or evidence it

wishes to exclude, so it is effectively seeking blanket exclusions.  Those sections of its motion

will be addressed together.  The other two categories of evidence will be separately considered.

        A.      Blanket Exclusions

        Central Industries seeks to exclude the following:  (1) "[a]ny hearsay statements

regarding alleged race discrimination and/or race relations"; (2) "[a]ny lay witness opinion

testimony not based on personal knowledge or observation regarding alleged race discrimination

and/or race relations;" and (3) "[a]ny references to or testimony about discriminatory actions

purportedly experienced by Plaintiff other than the decision not to promote Plaintiff to the

Maintenance Supervisor position."  Def.'s Mot. [54] at 1.

        In its initial motion and memorandum, Central Industries failed to identify the specific

statements or evidence that should be excluded, prompting Plaintiff to object on that basis.  In its

reply, Central Industries acknowledges that the Court could not make precise rulings on these

three subject areas but says it remains

        concerned about the prejudicial impact that attempting to offer this evidence may
        have on the jury, even if Central Industries is able to timely lodge an objection.
        To the extent the Court is inclined to deny this motion, Central Industries asks this
        Court take this matter under advisement, but also enter an order that instructs
        Plaintiff to make a proffer of testimony or evidence on these topics at the
        appropriate time, so that the Court can consider the possible testimony in the
        proper context outside the presence of the jury.

Def.'s Reply [58] at 2.

        Central Industries' motion raises a tricky issue.  Blanket pretrial evidentiary rulings like

the ones it now seeks for these three categories are disfavored.  *See Kelly v. Boeing Petroleum*

*Servs., Inc.*, 61 F.3d 350, 357 (5th Cir. 1995).  The Fifth "Circuit has consistently required

careful review when categories of evidence are excluded wholesale on the basis of pretrial motions." *Moore v. Gibbs Constr.*, No. 95-60096, 1996 WL 101378, at *5 (5th Cir. Feb. 23, 1996) (citing *Kelly*, 61 F.3d at 357).

In *Kelly*, the district court issued blanket pretrial rulings but also held that the plaintiff would be allowed to make a proffer outside the jury's presence so the court could more specifically determine whether the evidence was admissible.  61 F.3d at 356–57.  That is essentially what Central Industries now seeks.   The Fifth Circuit affirmed, finding that the district court correctly excluded some of the disputed evidence.  *Id.* at 357.

While *Kelly* informs the Court's decision, the three categories addressed in this section of Central Industries' Reply are not exactly the same.  First, Central Industries seeks to exclude "hearsay statements regarding alleged race discrimination and/or race relations."  Def.'s Mot. [54] at 1.  Obviously, Federal Rule of Evidence 802 precludes the admission of hearsay, as defined in Rule 801.  But there are exceptions to that exclusion under Rules 803 and 804. Mentioning alleged racial discrimination based on unredeemed hearsay could cause the type of prejudice that motions in limine are designed to prevent.  Accordingly, if Parker wishes to introduce hearsay statements related to racial discrimination and/or race relations, he must first make a proffer establishing a hearsay exception.

Second, Central Industries objects to "[a]ny lay witness opinion testimony not based on personal knowledge or observation regarding alleged race discrimination and/or race relations." Def.'s Mot. [54] at 1.  It clarifies that request in its memorandum, stating that no lay witness should be allowed to offer opinions on whether conduct constituted '"discrimination,' 'harassment,' a 'hostile-work environment,' and/or 'retaliation.'"  Def.'s Mem. [55] at 3.  This request is a mixed bag.  With respect to lay witnesses, it would be improper for either party to

offer testimony that is not based on personal knowledge.  *See* Fed. R. Evid. 602.  And there

would be no way to "unring" that bell as to alleged discrimination and/or race relations.

Accordingly, that portion of the motion is granted without prejudice to Parker's right to make a

proffer.

The other issue raised in this category is whether Parker and his witnesses should be

allowed to offer opinions as to whether discrimination occurred.  Federal Rule of Evidence 701

allows a lay witness to offer an opinion provided it is "rationally based on the witness's

perception" and "helpful to clearly understanding the witness's testimony or to determining a

fact in issue."  Fed. R. Evid. 701(a)–(b).  The Fifth Circuit examined Rule 701 in the

employment-discrimination context in *Hansard v. Pepsi-Cola Metropolitan Bottling Co.*, where

a coworker, Miller, testified that the plaintiff was not rehired because of his age.  865 F.2d 1461,

1465 (5th Cir. 1989).  Miller had no first-hand knowledge regarding the disputed employment

decision, but he was familiar with the defendant's "hiring policy and its general corporate youth

movement."  *Id.* at 1465–66.  The Fifth Circuit observed that "[c]ourts often have permitted lay

witnesses to express opinions about the motivation or intent of a particular person if the witness

has an adequate opportunity to observe the underlying circumstances."  *Id.* at 1466.  And though

it was admittedly hesitant, the Fifth Circuit found no abuse of discretion in allowing the

testimony.  *Id.* at 1467.

The same court appeared less hesitant in *Haun v. Ideal Industries Inc.*, where it affirmed

the decision to allow lay testimony that the employer was "deliberately phasing-out older

workers."  81 F.3d 541, 548 (5th Cir. 1996).  The coworker's testimony stood because it was

"based on his perception [drawn from personal observations] and helped the jury determine

whether [the employer] discriminated."  *Id.*  But the opposite occurred in *Hester v. BIC Corp.*,

where the Second Circuit found error in the admission of insufficiently supported lay-opinion testimony. 225 F.3d 178, 184–86 (2nd Cir. 2000). Thus, this type of testimony can be admitted, but it must be properly supported.

In addition to the Rule 701 issues, Central Industries appears concerned that the witnesses will use certain buzz words, like harassment, that speak to the ultimate issues. Under Rule 704, "an opinion is not objectionable just because it embraces an ultimate issue." The Fifth Circuit provided a nice overview of this issue in *United States v. Keys*:

> "[Q]uestions which would merely allow the witness to tell the jury what result to reach are not permitted." *Owen v. Kerr-McGee Corp.*, 698 F.2d 236, 240 (5th Cir. 1983). Of course, "separating impermissible questions which call for overbroad or legal responses from permissible questions is not a facile [task]." *Id.* The Advisory Committee Notes to the Federal Rules of Evidence offer the following example: While the question (1) "Did T have capacity to make a will?" would be improper, the question (2) "Did T have sufficient mental capacity to know the nature and extent of his property and the natural objects of his bounty and to formulate a rational scheme of distribution?" would be allowed. Fed[.] R. Evid. 704 advisory committee's note to 1972 proposed rules.
>
> Attempting to shed light on why the first formulation is problematic, this court explained that it "is phrased in such broad terms that it could as readily elicit a legal as well as a fact[-]based response. A direct response, whether it be negative or affirmative, would supply the jury with no information other than the [witness's] view of how its verdict should read." *Owen*, 698 F.2d at 240. The second formulation is permissible because it is not explicitly framed as a request for an opinion "phrased in terms of inadequately explored legal criteria." Fed R. Evid. 704 advisory committee's note to 1972 proposed rules. Rather, it breaks down the question of testamentary capacity—a question that has a specific legal meaning—into its discrete elements. *See* 1 McCormic [o]n Evid. § 12 (7th ed.). Stated differently, questions (1) and (2) capture the distinction "between an impermissible opinion on an ultimate legal issue and 'a mere explanation of the [witness's] analysis of facts which would tend to support a jury finding on the ultimate issue.'" [*United States v.*] *Buchanan*, 70 F.3d [818,] 833 n.20 [(5th Cir. 1995)] (quoting [*United States v.*] *Speer*, 30 F.3d [605,] 610 [(5th Cir. 1994)]).

747 F. App'x 198, 208 (5th Cir. 2018), *cert. denied*, 139 S. Ct. 847 (2019).

As the Fifth Circuit noted, this is a fine line. The Court certainly agrees that Parker would not be permitted to solicit a bare opinion on the ultimate issues from someone without

requisite personal knowledge.  That said, if personal knowledge exists, a skilled lawyer could properly solicit testimony that "embraces the ultimate issues" without using terms that are legal conclusions.  Fed. R. Evid. 704.  The context will matter, and without hearing the questions, the Court cannot say whether the evidence should be excluded.  Plaintiff's counsel should instruct witnesses not to volunteer such statements, but the motion is otherwise denied.  Questions from counsel regarding these issues can be handled with timely objections.

Finally, Central Industries asks the Court to preclude "[a]ny references to or testimony about discriminatory actions purportedly experienced by Plaintiff other than the decision not to promote Plaintiff to the Maintenance Supervisor position."  Def.'s Mot. [54] at 1.  This exclusion is different.  Like the others in this section, it seeks a disfavored blanket order precluding evidence.  *Kelly*, 61 F.3d at 357.  But unlike the others, there is no per se prohibition against other-acts evidence.  *Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 388 (2008).  Indeed, "[o]ther evidence that may be relevant to any showing of pretext includes facts as to the petitioner's treatment of respondent during his prior term of employment."  *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 804 (1973).  That is not to say that all such evidence is admissible, but the Court must carefully consider the disputed evidence in the context for which it is offered. *Sprint/United Mgmt. Co.*, 552 U.S. at 388.  No such inquiry is possible based on the current record.  This portion of the motion is denied.

B.      Specifically Identified Evidence

Central Industries offers two additional categories of evidence that should be excluded, but this time they specifically list the evidence.  One is disputed, one is not.

Starting with the disputed issue, Central Industries asks the Court to exclude "[a]ny 'me too' testimony either unrelated to Plaintiff's allegations or not based on personal knowledge or

observation."  Def.'s Mot. [54] at 1.  The parties acknowledge that so-called "me too" evidence is "neither per se admissible nor per se inadmissible" under Rules 401 and 403 of the Federal Rules of Evidence.  *Sprint/United Mgmt. Co.*, 552 U.S. at 381.  "Relevance and prejudice under Rules 401 and 403 are determined from the context of the facts and arguments in the particular case[.]"  *Id.* at 387 (noting inquiry is fact-intensive and context-specific).

Here, Central Industries identifies 13 specific statements from witness Toronto Parker who claims that he and Plaintiff were discriminated against in various ways.  According to Central Industries, his testimony should be excluded because it is not based on personal knowledge and is otherwise speculative.  For example, Toronto Parker states, "It was my understanding that Darrell Anderson wanted Raymond to get the job."  Def.'s Reply [58] at 4.

As noted above, a witness may offer opinion testimony under Rule 704 if based on that witness's personal knowledge, and those opinions may "embrace[] an ultimate issue."  Fed. R. Evid. 704(a).  Looking at the specific statements Central Industries lists in its reply, it seems questionable whether the witness has personal knowledge as to some of them.  Regardless, every statement would require a proper foundation showing that the witness in fact possessed that knowledge, and they would be prejudicial if improperly admitted.

Accordingly, the motion in limine is granted as to the statements listed in Central Industries' Reply; Plaintiff's counsel may not reference this information before establishing a foundation that shows the witness has personal knowledge of the supporting facts.  That may be accomplished through a proffer at trial or through questioning when the witness is on the stand.

The only other issue is Central Industries' request for an order precluding Plaintiff from making "[a]ny reference to the challenges faced in the working environment at any of Central Industries' facilities (including its affiliated entities) as a result of the novel coronavirus."  Def.'s

Mot. [54] at 2.  The parties agree that this information will not be mentioned at trial.  That said, the virus itself will certainly be addressed during voir dire.

III.    Conclusion

The Court considered all arguments.  Those not directly addressed would not have changed the outcome.  For the foregoing reasons, and as set out above, Central Industries' Motion in Limine [54] is granted in part and denied in part.

**SO ORDERED AND ADJUDGED** this the 9th day of November, 2020.

s/ *Daniel P. Jordan III*
CHIEF UNITED STATES DISTRICT JUDGE